Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROSA MARÍA ROMERO<br><br>Recurrida<br><br>v.<br><br>WALMART PUERTO RICO, INC.<br><br>Peticionario | TA2025CE00144 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil núm.: GM2024CV00646<br><br>Sobre: Despido Injustificado (Ley núm. 80), Discrimen por Impedimento (Ley núm. 44), Ley de Represalia en el Empleo (Ley núm. 115-1991), Procedimiento Sumario bajo Ley núm. 2 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2025.

En un caso de índole laboral, el Tribunal de Primera Instancia ("TPI") denegó una solicitud del patrono para enmendar su contestación a la demanda con el fin de incluir la defensa de prescripción. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

I.

En agosto de 2024, la Sa. Rosa María Romero (la "Empleada" o "Demandante") presentó la acción de referencia (la "Demanda"), sobre despido injustificado y otros, en contra de Walmart Puerto Rico, Inc. (el "Patrono"). Afirmó que comenzó a trabajar para el Patrono en 1993 y que, desde el 2012, se había desempeñado como Asistente de Gerente. Alegó que, por razones de salud, en

junio de 2021, informó al Patrono que no podría trabajar turnos nocturnos, y se le orientó que solicitara acomodo razonable. Expuso que el acomodo solicitado se le denegó y, un tiempo después, fue despedida. Reclamó que el despido fue injustificado, que fue objeto de discrimen por incapacidad y que sufrió represalias.

El Patrono contestó la Demanda. Aseveró que el puesto de Asistente de Gerente tiene como requisito esencial estar disponible para trabajar turnos nocturnos. Negó haber discriminado contra la Empleada o haber tomado represalias contra esta. Resaltó que la Empleada fue despedida "con justa causa … luego de más de un año en licencia médica, sin reserva alguna de empleo, y recibiendo beneficios de incapacidad a largo plazo".

En noviembre de 2024, el Patrono solicitó la conversión del trámite, iniciado por la vía sumaria, a uno ordinario, lo cual fue concedido por el TPI el 5 de diciembre.

El 25 de marzo de 2025, el Patrono presentó una *Moción Solicitando Permiso para Enmendar Contestación a la Demanda* (la "Moción"). Aseveró que el caso estaba "en las etapas iniciales del descubrimiento de prueba". Alegó que, luego de revisar cierta "documentación" suministrada por la Empleada, sobre sus "reclamaciones ante la Unidad Antidiscrimen y, posteriormente, ante el *Equal Employment Opportunity Commission*" ("EEOC"), deseaba enmendar su contestación a la Demanda (la "Contestación") con el único fin de incluir la defensa de prescripción en torno la causa de acción por despido injustificado. Sostuvo que el TPI tenía autoridad para conceder lo solicitado y que, como regla general, una solicitud de enmienda a las alegaciones debe evaluarse con liberalidad.

La Empleada se opuso a la Moción. Resaltó que la misma se presentó más de cinco meses luego de instada la Demanda, "sin que medie una justificación razonable para tal demora". Sostuvo que,

desde antes de presentada la Demanda, el Patrono conocía los hechos sobre los cuales ahora plantea que la reclamación de despido injustificado está prescrita.

Mediante una Resolución notificada el 7 de mayo (la "Resolución"), el TPI denegó la Moción. Expuso que la Regla 6.3 de las de Procedimiento Civil, *infra*, requiere que la prescripción se incluya "en forma clara, expresa y específica al responder a una alegación, o se tendrá por renunciada esta defensa". Razonó que el Patrono no había justificado haber omitido la defensa de prescripción al contestar la Demanda.

El 15 de mayo, el Patrono solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Orden notificada el 13 de junio.

Inconforme, el 14 de julio (lunes), el Patrono presentó el recurso que nos ocupa, en el cual reproduce lo planteado ante el TPI en lo relacionado con la Moción. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá

expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. … .

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62, 215 DPR __ (2025) ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Concluimos que no procede nuestra intervención con lo actuado por el TPI. Veamos.

En primer lugar, no está presente ninguno de los factores que, bajo la Regla 52.1, *supra,* nos permitiría intervenir con la decisión recurrida. Adviértase, en particular, que se trata de un asunto que podría plantearse en apelación, si contra el Patrono se dictara una sentencia adversa.

En segundo lugar, e independientemente de lo anterior, tampoco se ha demostrado que el TPI haya cometido algún error de derecho o abusado de su discreción. Resaltamos que la norma es que la prescripción debe "plantearse … al responder a una alegación o se tendrá[] por renunciada[], salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba". Regla 6.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3.

En este caso, el Patrono no demostró que haya conocido la base de su defensa de prescripción durante el descubrimiento de prueba. De hecho, el Patrono descansa en que el procedimiento ante la "Unidad Antidiscrimen" y ante el EEOC realmente no interrumpió el término prescriptivo de la causa de acción por despido injustificado. Sin embargo, por razones obvias, el Patrono se abstiene de alegar que desconocía los referidos procesos administrativos hasta el descubrimiento de prueba.

Aun de concluirse (sin tener que resolverlo, por ser innecesario en este caso), que el TPI podría, bajo la Regla 13.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, autorizar que se incluyera la defensa de prescripción a través de una enmienda a las alegaciones, a pesar de que la base de dicha defensa era conocida al presentarse la contestación inicial a una demanda, de todas maneras, en las circunstancias particulares de este caso, en el

ejercicio de nuestra discreción, nos abstendríamos de intervenir con la determinación del TPI de denegar la Moción.

IV.

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones